Kami M. Hoskins (SBN: 026271)
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2468
Facsimile: (602) 265-4716
khoskins@grsm.com
*Attorneys for Defendant*
*Vital Pharmaceuticals, Inc.*
*d/b/a VPX SPORTS or VPX*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Vital Pharmaceuticals, Inc.,<br><br>Defendant. | Case No.: 2:18-cv-03233-SPL<br><br>**DECLARATION OF MARC J. KESTEN IN SUPPORT OF DEFENDANT VITAL PHARMACEUTICALS, INC.'S MOTION TO TRANSFER TO SOUTHERN DISTRICT OF FLORIDA** |

I, Marc J. Kesten, hereby declare:

1. I am General Counsel and Corporate Secretary for Vital Pharmaceuticals, Inc., d/b/a VPX ("VPX" or "Defendant"). I have reviewed the allegations in the Complaint in this action. I make this declaration in support of VPX's 28 U.S.C. 1404(a) motion to transfer venue to the U.S. District Court for the Southern District of Florida.

2. I have personal knowledge of the facts set forth below, with the exception of those matters stated on information and belief, which matters I believe to be true. My knowledge is based on my various roles at VPX during the past five (5) years and my review of records regularly made at or near the time of the events memorialized thereby and maintained in the ordinary course of VPX's business by individuals with knowledge of the information contained therein. If called as a witness, I could and would competently testify to the facts stated herein.

3. VPX's principal place of business is in South Florida (i.e., Broward County), and has been from its inception and at all times relevant to the allegations in the Complaint. VPX has no subsidiaries or other affiliated companies in Arizona.

4. VPX conducts all of its business operations at its headquarters in South Florida. All of the decisions at issue in the Complaint, and specifically those related to product development, testing, quality control, labeling, marketing, media, sales and so on, are made in South Florida. For instance, all purchasing activity and communications with vendors and raw material suppliers emanate from South Florida; all raw materials, including the ingredients identified in the Complaint, are delivered to VPX at its headquarters in South Florida, where they are processed, tested, manufactured, and packaged; and all other materials such as cans and labeling are delivered to headquarters in South Florida. No core function of VPX, as alleged in the Complaint and otherwise, takes place anywhere other than South Florida.

5. Likewise, VPX maintains its scientific laboratory at its South Florida headquarters where it develops and tests its products, including the BANG® brand of energy drinks at issue in the Complaint. VPX does not maintain any of its labs outside of South Florida.

6. All of VPX's books and records are created, maintained, and located at its South Florida headquarters, including those that may not be available in electric format, but, may be relevant to the allegations in the Complaint such as documents regarding product development, testing, quality control, manufacturing, distribution, marketing, media, sales, and facilities.

7. Over 70% of VPX's current employees reside in Florida. Perhaps more importantly, all current VPX employees with knowledge potentially relevant to the material allegations in the Complaint live and work in Florida. This includes all VPX management and personnel involved in product development, testing, quality control, manufacturing, marketing, media, sales, and facilities who may have knowledge or

information related to the material allegations in the Complaint, such as, for example, VPX's CEO and Chief Scientific Officer, Director of Marketing, Vice President of Media, Research & Development Manager, Executive Vice President of Sales, Facilities Manager, and Raw Materials Buyer.

8. Additionally, numerous third-parties – including former VPX employees – and others who have personal knowledge relevant to the material allegations in the Complaint reside in or close to Florida. For example:

    a. Peter Cinieri is VPX's former Chief Financial Officer. In that role, Mr. Cinieri oversaw all financial matters related to VPX's product development, testing, quality control, manufacturing, distribution, marketing, media, sales, and facilities. On information and belief, Mr. Cinieri lives in Florida.

    b. Chantal Salas is VPX's former Marketing Coordinator. In that role, Ms. Salas' responsibilities included work related to marketing of VPX's sports supplements and energy drink products, including the BANG® products at issue in the Complaint. On information and belief, Ms. Salas lives in Florida.

    c. Nora Higuera is VPX's former R&D Senior Food Scientist. In that role, Ms. Higuera's responsibilities included work related to product development, testing, quality control, and manufacturing of VPX's products. On information and belief, Ms. Higuera lives in Florida.

    d. Eric Hillman is CEO at Europa Sports Products, which is a major distributor of VPX's products, including its BANG® products. In that role and based on his experience distributing those products in gyms and health food stores across the United States, Mr. Hillman could testify to the accuracy of VPX's advertising for BANG® and the general marketing and advertising strategies of similar products in the marketplace. On information and belief, Mr. Hillman lives in North Carolina.

9. VPX expects that either side could call these former employees and other third-party witnesses to testify regarding, as noted above, respectfully: financial matters

related to VPX's product development, testing, quality control, manufacturing, distribution, marketing, media, sales, and facilities; the actual marketing of VPX's products, including the BANG® products at issue in the Complaint; the actual product development, testing, quality control, and manufacturing of those products; and, from the perspective of a major distributor of nutritional supplements and energy drinks, including, again, the BANG® products at issue in the Complaint, the accuracy of VPX's advertising for BANG® and the general marketing and advertising strategies of similar products.

10. To the best of my knowledge, there are no former VPX employees with potentially relevant information regarding the material allegations in the Complaint who reside in Arizona (or California, Illinois, or any state other than Florida), and who VPX expects to call for evidence relevant to the allegations in the Complaint.

11. VPX makes the bulk of its sales of BANG® energy drinks to distributors and retailers, and sells directly to consumers relatively infrequently.

12. The advertising claims and allegations at issue in the Complaint implicate various double-blind, placebo-controlled studies upon which VPX has relied in promoting its products, including the BANG® brand of energy drinks. Those studies are listed on VPX's website at <https://bang-energy.com> and were conducted at leading universities and sports nutrition labs across the United States, including in Florida at Florida State University, Florida Atlantic University, and Nova Southeastern University. While the authors of and participants in those studies may be dispersed throughout the United States, including, again, in Florida, all of the documents and other physical evidence in VPX's possession from those studies are stored at its headquarters in South Florida.

///

///

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of February 2019, in Weston, Florida.

_____
MARC J. KESTEN