UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61380-BLOOM/Valle

THERMOLIFE INTERNATIONAL, LLC,

    Plaintiff,

v.

VITAL PHARMACEUTICALS INCORPORATED,

    Defendant.
_____/

## ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendant Vital Pharmaceuticals Inc.'s ("Defendant" or "VPX") Motion for Partial Judgment on the Pleadings, ECF No. [121] ("Motion"). Plaintiff ThermoLife International, LLC ("Plaintiff' or "ThermoLife") filed a response, ECF No. [121] ("Response"), to which VPX filed a reply, ECF No. [126] ("Reply"). The Court has considered the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

The Court assumes the parties' familiarity with the facts of this case; however, a brief review of the procedural posture is in order. In the Complaint, ECF No. [1], ThermoLife asserts claims against VPX, including violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count 1), and common law unfair competition (Count 2). *See generally* ECF No. [1] ("Complaint"). VPX previously sought dismissal of ThermoLife's claims, arguing that ThermoLife lacked statutory standing to assert its Lanham Act claim, that the Lanham Act claim failed to satisfy Rule 9(b) of the Federal Rules of Civil Procedure, and that the alleged statements

made by VPX were not actionable statements or representations. *See* ECF No. [73] ("Motion to Dismiss"). Significantly, VPX did not seek dismissal of ThermoLife's unfair competition claim on separate grounds from the Lanham Act claim. Ultimately, the Court denied VPX's Motion to Dismiss with respect to Counts 1 and 2 of the Complaint. *See* ECF No. [82].[1]

On October 18, 2019, VPX filed an Answer and Affirmative Defenses to the Complaint, and a Counterclaim for trade libel (Count 1) and tortious interference with advantageous business relationships (Count 2). ECF No. [83] ("Counterclaim"). ThermoLife previously sought dismissal of VPX's Counterclaim, *see* ECF No. [88], which the Court granted in part. Specifically, the Court dismissed the claims against ThermoLife's President and Chief Executive Officer and dismissed the claims for tortious interference with advantageous business relationships. *See* ECF No. [107]. Thereafter, on February 7, 2020, ThermoLife filed its Answer to the Counterclaim. ECF No. [108]. In the Motion currently before the Court, VPX requests judgment upon ThermoLife's claim for common law unfair competition (Count 2 of the Complaint).

## II.   LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D.

---

[1] The Court granted in part VPX's Motion to Dismiss and dismissed Count 3 of the Complaint, which sought declaratory relief. *See* ECF No. [82].

Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Through this lens, the Court considers the instant Motion.

### III. DISCUSSION

VPX argues that it is entitled to judgment on the pleadings regarding ThermoLife's common law unfair competition claim because ThermoLife fails to plausibly establish the critical element of direct competition with VPX. ThermoLife responds that the allegations in the Complaint are sufficient to state that the parties' products are going after the same consumer dollars, the Court previously found ThermoLife's claim to be adequately pleaded, and VPX's Motion is essentially a belated request for the Court to reconsider its prior ruling upon VPX's Motion to Dismiss.

At the outset, the Court notes that in ruling upon VPX's Motion to Dismiss, the Court considered the issues of statutory standing under the Lanham Act, whether a heightened pleading standard applied to the Lanham Act claim, and the sufficiency of the allegations regarding false and misleading statements. *See* ECF No. [82]. In that Order, the Court specifically noted that VPX had not made separate arguments regarding ThermoLife's unfair competition claim, and thus, the unfair competition claim survived on the same basis as the Lanham Act claim. *See id*. at p. 8 n.2.

Accordingly, the Court did not have occasion to review the arguments now asserted in the Motion as to the unfair competition claim. As such, ThermoLife's characterization of the Motion is not accurate. The Court now considers the sufficiency of the pleading as to ThermoLife's common law unfair competition claim.

In order to prevail on an unfair competition claim, Florida law requires that a plaintiff establish deceptive or fraudulent conduct of a competitor and likelihood of customer confusion. *Donald Frederick Evans & Assocs, Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986). "Rather than going to the question of copying in the manufacture of a product, 'unfair competition goes to the question of marketing' and the pleading party must allege that it competes with its opponent for a common pool of customers." *Exch. Int'l, Inc. v. Vacation Ownership Relief, LLC*, No. 6:10-cv-1273-Orl-35DAB, 2010 WL 4983669, at *4 (M.D. Fla. Oct. 27, 2010) (quoting *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1325 (M.D. Fla. 2007)).

VPX argues that there are no allegations in the Complaint that ThermoLife and VPX are direct competitors, and therefore, ThermoLife's claim for unfair competition fails as a matter of law. However, the cases cited by VPX in support of its argument are inapposite, or do not hold that parties must be direct competitors. *See Burciaga v. Gold Club Tampa, Inc.*, No. 8:16-cv-790-T-27JSS, 2016 WL 9526567, at *7 (Dec. 28, 2016) (unfair competition claim dismissed where plaintiffs, models in California, failed to allege how they competed with the defendant strip club located in Florida); *King Ranch, Inc. v. King Ranch Contractors, LLC*, No. 6:12-cv-597-Orl-37KRS, 2013 U.S. Dist. LEXIS 76777, at *20 (M.D. Fla. Jan. 29, 2013) (noting that the competition requirement requires a showing of "similarity in businesses of the parties.") (citations omitted); *Living Color Enterps., Inc. v. New Era Aquaculture, Ltd.*, No. 14-62216-CIV, 2015 WL 1526177, at *5 (S.D. Fla. Apr. 3, 2015) (dismissing unfair competition claim where complaint did

4

not plead defendant was "competitor for a common pool of customers or anything about the pool of customers"); *Marks v. Cayo Hueso, Ltd.*, 437 So. 2d 775, 777 (Fla. 3d DCA 1983) (observing that Florida Statutes, section 495.151 eliminated the common law requirement of showing competition or confusion as to the source of goods or services for a claim for injury to business reputation or trade name dilution); *Prac. Mgmt. Assocs., Inc. v. Old Dominion Ins. Co.*, 601 So. 2d 587, 588 (Fla. 1st DCA 1992) (specifying that unfair competition requires unfairness and competition and "requirement that the offense include an element of rivalry"); *Home Design Services, Inc. v. Park Square Enterprises, Inc.*, No. 6:02-CV-637-ORL28JGG, 2005 WL 1027370, at *14, (M.D. Fla. May 2, 2005) (finding upon summary judgment that unfair competition counterclaim failed because there was no indication that defendant competed with the plaintiff for a common pool of customers); *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1313 (M.D. Fla. 2017) (granting summary judgment upon unfair competition claim where no facts alleged in the complaint or found in the record to suggest parties competed for a common pool of customers). In fact, *King Ranch, Inc.*, and the authorities cited in it, supports the broader interpretation that competition requires only a showing of similarity in business, and not as narrow a showing of direct competition as VPX argues. *See Am. United Life Ins. Co. v. Am. United Ins. Co.*, 731 F. Supp. 480, 486 (S.D. Fla. 1990) ("The competition requirement has been interpreted by the Florida Supreme Court to require a showing of 'similarity in businesses of the parties.'" (quoting *Sun Coast v. Shupe*, 52 So. 2d 805 (Fla. 1951))).

ThermoLife responds that the allegations in the Complaint are sufficient, as VPX's "Super Creatine" competes directly in the dietary supplement market with products containing ThermoLife's creatine nitrate. In addition, ThermoLife contends that parties need not sell directly competing products to state a claim for unfair competition under Florida law. Upon review, the

Court agrees with Thermolife that the allegations, viewed in the light most favorable to them, are sufficient.

Here, the Complaint alleges the following regarding each party's customers:

> ThermoLife licenses and sells its patented creatine nitrate for use in Dietary Supplement products. Sourced and licensed from ThermoLife, creatine nitrate and other Amino Acid Nitrates supplied by ThermoLife are included in many of the top-selling Dietary Supplements in the world. [. . .] VPX sells Dietary Supplements to consumers over the internet, . . . [and] VPX's products are also sold at brick-and-mortar stores across the United States. BANG energy drinks are sold at retail stores such as 7-Eleven, gas stations, and other specialty stores throughout the United States.

ECF No. [1], ¶¶ 13-14, 16, 21-23. Even though ThermoLife does not allege that it sells its creatine nitrate directly to retail consumers over the internet or in stores, the Complaint does allege that as a result of VPX's false advertising with respect to "Super Creatine" and creatine nitrate, consumers ultimately choose VPX's "Super Creatine" product, instead of products containing ThermoLife's creatine nitrate, which negatively impacts ThermoLife's business. As such, the Complaint sufficiently alleges that ThermoLife and VPX are competitors in the dietary supplement market, even if they do not compete directly.

Moreover, VPX's reliance upon similar cases in Arizona in arguing that it is entitled to judgment as a matter of law is misplaced. Significantly, in the cases cited by VPX in which the courts dismissed ThermoLife's unfair competition claims, the defendants did not market their own creatine containing products, as VPX is alleged to in this case. *See ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2019 WL 3840988, at *4 (D. Ariz. Aug. 15, 2019) (Defendant sold and advertised dietary supplements manufactured by third parties on its website); *ThermoLife Int'l LLC v. Sparta Nutrition LLC*, No. CV-19-01715-PHX-SMB, 2020 WL

6

248164, at *2 (D. Ariz. Jan. 16, 2020) (Defendant advertised and sold dietary supplements to consumers and wholesalers through its website).[2]

In this case, accepting as true the allegations in the Complaint and construed in the light most favorable to ThermoLife, VPX is not entitled to judgment as a matter of law upon the unfair competition claim.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that VPX's Motion, **ECF No. [121]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] In *ThermoLife Int'l LLC v. BPI Sports LLC*, No. CV-18-04663-PHX-SPL, 2019 WL 6135140, at *2 (D. Ariz. Nov. 19, 2019), the court dismissed the unfair competition claim because plaintiff failed to allege direct competition or a competitive injury. As the Court has already noted, the element of competition under Florida law requires similarity in the businesses of the parties. Absent authority clearly holding that there must be direct competition, the Court will not so hold based upon a single out-of-district case.